[L. A. No. 4121.    Department Two.—December 13, 1917.]

JOSEPH ZIRBES et al., Respondents, v. G. A. MOUNSEY et al., Appellants.

BROKER—PROMISSORY NOTE—COMMISSION—FRAUD AS DEFENSE—PAROL EVIDENCE.—Where the defense to an action on a promissory note for two thousand five hundred dollars was that it was given to the plaintiffs, who, as real estate brokers, had negotiated an exchange of property of the defendants for property of equal value, with the

agreement that each party should pay the plaintiffs an equal amount or share of commission, and that the defendants in giving the note relied upon the false and fraudulent representation of the plaintiffs that the other party to the transaction had been required to pay a like amount, whereas in fact he was required to pay only one thousand dollars, it was error to refuse to admit in evidence an agreement with the other party, which required him to pay only one thousand dollars, or to refuse to allow such party, as a witness, to state the amount of the commission exacted of him, the purpose of the excluded testimony being to establish that the written instrument (the promissory note sued on) was procured by fraud as alleged in the answer, and not to vary the terms of a written instrument.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, E. S. Williams, and W. T. McNeely, for Appellants.

Clyde E. Cate, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—Action to recover upon a promissory note executed by defendants.

Judgment went for plaintiffs, from which, and an order denying their motion for a new trial, defendants appeal.

Plaintiffs, as real estate brokers and acting as the agents of both parties, negotiated an exchange of property valued at one hundred thousand dollars owned by defendants for property of like value owned by J. C. Wilson. The note involved, for the sum of two thousand five hundred dollars, was given by defendants for commissions claimed to be due from defendants to plaintiffs for the services so rendered.

In their answer the defendants admitted the making of the note but alleged its execution was procured by fraud and deceit of plaintiffs, in that before and at the time of the making of the exchange it was agreed that defendants should pay as commission a sum equal to that paid by said Wilson as his share thereof, which amount was by plaintiffs represented to defendants as being two thousand five hundred dollars, whereas, in truth and in fact, the amount of the commission exacted from Wilson, and which he agreed to pay plaintiffs, was the sum of one thousand dollars; that defend-

ants believing said representations to be true, and in reliance thereon, were thus deceived and thereby induced to execute the note in the sum of two thousand five hundred dollars.

The alleged errors complained of are due to rulings of the court in excluding evidence offered in support of the allegations of fraud. At the trial the parties stipulated that Mary Lucena Mounsey, then absent, should be deemed as testifying to the truth of the allegations of fraud contained in the answer. Her codefendant was called as a witness for defendants and in substance testified that in view of the fact that the properties of the parties to the exchange were of like value, namely, one hundred thousand dollars, it was agreed that they should pay exactly the same commission, and that one of the plaintiffs, Mr. Zirbes, represented to the defendants that Mr. Wilson was to pay two and one-half per cent of said valuation of his property. Thereupon the witness was asked whether or not he relied upon such statements, to which the court sustained plaintiffs' objection that it was irrelevant and immaterial. A proposal for the exchange executed two days before the making of the note and containing a provision that defendants should pay a commission of two thousand five hundred dollars on which was indorsed an acceptance thereof purporting to be signed by Wilson and wife, whereby they agreed to pay a commission of three thousand five hundred dollars, was on the cross-examination of the witness received in evidence. Thereupon Wilson was called as a witness and produced an agreement made with plaintiffs fixing the commission which he was required to pay plaintiffs at one thousand dollars, which document the court refused to admit in evidence, or permit the witness to state the amount of the commission exacted by plaintiffs from him in negotiating said exchange of properties, and likewise refused to permit testimony offered to the effect that defendants' assent to the amount of two thousand five hundred dollars commission specified in the agreement was procured by like false representations as those which induced them to execute the note. That such action constituted prejudicial error, to our minds, admits of no doubt. It is apparent from the record that the learned trial judge in making the rulings complained of accepted the view of counsel for respondents here urged, that such evidence was

inadmissible for the reason that it was sought thereby to vary the terms of a written instrument by parol testimony, whereas, in fact, its purpose was to establish that such·instrument was procured by fraud as alleged in the answer.

Moreover, it having been without objection to its competency stipulated that Mrs. Mounsey might be· deemed as testifying to the truth of the allegations of fraud as to which there was no contradictory evidence offered by plaintiffs, the adverse finding thereon made by the court is without support.

The judgment and order are reversed.

Melvin, J., and Henshaw, J., concurred.

Hearing in Bank denied.